**Patrick E. Mahoney**, ISB #5242
**MAHONEY LAW, PLLC**
CAPITOL GATEWAY PLAZA
1211 W. Myrtle Street, Suite 350
Boise, Idaho 83702
Telephone:  (208) 345-6364
Facsimile:  (208) 342-4657
patrick@patrickmahoneylaw.com

**Attorney for the Plaintiffs**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRENDA GRIFFITH and TARA BOLF,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; and DOES I-X,<br><br>Defendants. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW, the above captioned Plaintiffs, by and through their counsel of record, and for their Complaint against the Defendants captioned above, state and allege as follows:

### JURISDICTION, PARTIES, AND VENUE

1.    This is a case involving medical negligence at the Boise VA Medical Center resulting in the wrongful death of veteran Charles J. Garcia.  Mr. Garcia was the spouse of Plaintiff Brenda Griffith and the father of Plaintiff Tara Bolf.  Mr.

**COMPLAINT AND DEMAND FOR JURY TRIAL** - 1

Garcia died on August 19, 2019, from a severe head injury sustained from a preventable fall, suffered while he was a patient in the Boise VA Medical Center.

2.     Defendant United States of America is sued under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et. seq.*, as the representative Defendant and real party in interest for the Boise VA Medical Center of the United States Department of Veterans Affairs and those employed by it to provide healthcare services at said facility.  This action involves a claim against the United States, for money damages, for personal injury caused by the negligent and/or wrongful acts or omissions by employees of the government while acting within the scope of their office or employment.  Under the laws of the State of Idaho, said healthcare providers would otherwise be liable to the Plaintiffs for the medical negligence alleged herein.  Federal jurisdiction is therefore proper pursuant to 28 U.S.C. §1346(b)(1).  The location of the conduct alleged is the Boise VA Medical Center in Boise, Idaho, hence venue is proper here pursuant to 28 U.S.C. 1391 and 28 U.S.C. 1402(b).  The amount in controversy, exclusive of interest and costs, exceeds $75,000.

3.     Plaintiffs are Brenda Griffith, spouse of the deceased, and Tara Bolf, biological daughter of the deceased, both residents of Meridian, Ada County, Idaho.

4.     The individuals employed to provide healthcare services at the Boise VA Medical Center, whose conduct failed to meet the applicable standards of care as to the treatment rendered to Charles J. Garcia, include without limitation, the nurse who was supposed to be attending to the patient, as described below, as well as those in the VA hospital supervisory chain above said nurse.  The nurse most

directly at fault is best identified, on current information in the VA medical records, as then "resident RN" Jessica M. Fear, RN.

5.     Plaintiffs timely delivered a tort claim for this case, in writing, to the appropriate United States Department of Veteran Affairs claims office.  The United States Department of Veteran Affairs, by and through its Office of Chief Counsel, acknowledged receipt of the claim, in writing, on November 27, 2019. However, more than six months have since elapsed and the agency has failed to make a final disposition; therefore Plaintiffs are deemed to have complied with 28 USC §2675(a).

6.     Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein as Does I through X, inclusive, and therefore sue those Defendants by such fictitious names.  Plaintiffs are informed and believe, and on that basis allege, that the Defendants sued herein as Does I through X are in some manner legally culpable for the injuries and damages suffered by the Plaintiffs. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.

## FACTS AND GENERAL ALLEGATIONS

7.     Plaintiffs hereby incorporate and re-allege herein all previous paragraphs of this Complaint.

8.     Charles J. Garcia, age 81, now deceased, was an elderly veteran with various underlying, chronic health conditions.  He was admitted to the Boise VA Hospital as a patient on August 18, 2019 for symptoms of lethargy, reduction in oral intake, and confusion.  He had recently been hospitalized at St. Luke's hospital in

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

Boise for urinary tract infection problems and abdominal pain.  His assigned nurse at the Boise VA Medical Center for the shift in question appears to have been one Jessica Fear, RN; there may have also been an assigned CNA and other providers. Mr. Garcia had a recent history of falling.  He had a history of orthostatic hypotension (low blood pressure upon standing from sitting with dizziness and fainting).  He had an impaired gait and he would hold onto furniture to help him walk in a room, and would use a cane or walker.  Side rails were used in the up position when Mr. Garcia was in bed.  His mental status was that he "overestimates/forgets limitations."  He required a partial assist with toileting and he used a bedside urinal.  Mr. Garcia was designated in the official VA medical records as being a "high risk" for falls and a "High Fall Risk" sign was to be posted in his room.

9.     At approximately 1:15 p.m. on August 18, 2019, according to the medical records, Mr. Garcia needed to use the bathroom for a bowel movement.  The nurse assisted him to the bathroom; he apparently wanted some privacy as he sat on the toilet.  Then, rather than simply wait outside the bathroom door, the RN or CNA completely exited the patient's room, leaving him unattended in the bathroom, telling him to pull the call light rope when ready.  At approximately 1:34 p.m. to 1:50 p.m., he was found by nursing staff to have fallen face down outside the bathroom near his bed, having sustained a severe head injury.  Consistent with Mr. Garcia's healthcare directive of full code and resuscitation, an emergency Code Blue was called, he was urgently intubated, and head CT shortly thereafter showed a

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

large subdural hematoma and intracranial hemorrhage, which ultimately proved fatal. The specialists at St. Luke's diagnosed Mr. Garcia as having a non-survivable injury with brain death and no brainstem reflexes; the providers therefore withdrew life support with Mr. Garcia passing on August 19, 2019. Mr. Garcia's official Idaho Certificate of Death confirms that the cause of death was traumatic subdural hematoma from an unwitnessed ground level fall occurring outside the bathroom.

## MEDICAL NEGLIGENCE

10.    Plaintiffs hereby incorporate and re-allege herein all previous paragraphs of this Complaint.

11.    The Boise VA Medical Center, and its employees and agents, as alleged above, violated the applicable standards of care, and were thereby negligent and reckless. Mr. Garcia was a confirmed high fall risk patient who was known to overestimate his abilities and forget his limitations. The providers failed, without limitation, in leaving the patient, deceased veteran Charles J. Garcia, unattended during toileting, alone in the room, despite physical risks (high fall risk, impaired gait, mobility concerns, potential medication side effects, orthostatic hypotension), as well as mental status (overestimates/forgets limitations, etc.) requiring attendance, and despite a documented status of "high risk for falls," thereby allowing him to fall, suffer a severe, traumatic head injury with fatal brain bleed (subdural hemorrhage), leading directly and proximately to his death.

12.    Additionally, the Boise VA Medical Center was negligent and reckless to the extent that it, as to the issues above: failed to train relevant employees; failed

COMPLAINT AND DEMAND FOR JURY TRIAL - 5

to have or follow proper policies and procedures; failed to have adequate staffing; and/or failed to have adequate staff supervision.

13.     The medical negligence and reckless misconduct on the part of the Boise VA Medical Center and its employees in failing to meet the applicable standards of healthcare practice was a direct and proximate cause of, and a substantial factor in causing, injury and damages suffered by Plaintiffs, including, without limitation, the wrongful death of Charles J. Garcia, husband and father. The Plaintiffs also now live with negligently inflicted emotion distress, including living with the knowledge of the gruesome circumstances leading to their loved one's death, with his being found face down in his room with a severe head injury incident to something as routine as bathroom use, which is exacerbated by the fact that it was completely unnecessary and preventable; Plaintiffs understandably have suffered commensurate physical symptoms such as loss of sleep, headaches, irritability, fatigue, and loss of appetite.

14.     As such, Plaintiffs are entitled to, and seek in this case, an award of money damages for all allowable general and special damages, in an amount to be proven at trial, including for wrongful death and negligent infliction of emotional distress.

## DEMAND FOR ATTORNEY FEES

15.     Plaintiffs hereby incorporate and re-allege herein all previous paragraphs of this Complaint.

**COMPLAINT AND DEMAND FOR JURY TRIAL** - 6

16. As a result of the Defendants' conduct complained of herein, the Plaintiffs have been required to retain the services of legal counsel to represent their interests in this matter. Pursuant to Idaho Code §12-121, Rule 54 of the Federal Rules of Civil Procedure, and all other applicable laws, the Defendants are liable to the Plaintiffs for their reasonable attorney fees and litigation costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against the Defendants as follows:

a. A monetary sum to compensate them for all allowable general damages, including, but not limited to wrongful death damages for loss of comfort, society and relationship, mental pain and suffering, as well as general damages for negligently inflicted emotional distress, and loss of enjoyment of life, all in an amount to be determined at trial;

b. A sum adequate to compensate them for their wrongful death related special damages consisting of, but not necessarily limited to, loss of income (past and future) and all related, recoverable pre-death medical expenses, funeral costs and incidental expenses relative to the pre-death medical treatment and wrongful death of Mr. Garcia, all in an amount unknown to the Plaintiffs at this time but which sum shall be more readily ascertained at the trial of this matter;

c. Prejudgment interest to the Plaintiffs;

d. Plaintiffs' reasonable attorney fees and costs incurred in the prosecution of this action, or $10,000 should this matter proceed by default; and

COMPLAINT AND DEMAND FOR JURY TRIAL - 7

e.      Such other and further relief as this Court deems just and equitable.

**DATED** this 16th day of June, 2020.

MAHONEY LAW, PLLC

By_____/S/_____

PATRICK E. MAHONEY
Attorney for the Plaintiffs

## DEMAND FOR JURY TRIAL

Although the Plaintiffs recognize that this is an F.T.C.A. case, out of an abundance of caution, pursuant to F.R.C.P. 38, Plaintiffs hereby demand a trial by a jury on all issues properly tried to a jury, if any, in the above-entitled matter.

**DATED** this 16th day of June, 2020.

MAHONEY LAW, PLLC

By_____/S/_____

PATRICK E. MAHONEY
Attorney for the Plaintiffs

COMPLAINT AND DEMAND FOR JURY TRIAL - 8